

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed June 13, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GOLDEN RESTAURANTS, INC., *et. al.* | § | CASE NO. 09-44425-RFN-11 |
| | § | |
| *Debtors*. | § | (Jointly Administered) |
| | § | |
| GOLDEN RESTAURANTS, INC., TAG CORRAL, LLC, KANSAS CORRAL, LLC, INDY CORRAL, LLC, SUNNY CORRAL DENAR RESTAURANTS, LLC, POP RESTAURANTS, LLC, and FRIES RESTAURANT MANAGEMENT, LLC, | § | ADVERSARY PRO. NO. 11-04024-rfn |
| *Plaintiffs*, | § | |
| v. | § | |
| WORLDPAY US, INC., and RBS CITIZENS, N.A., | § | |
| *Defendants*. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

CAME ON FOR HEARING on the 11th day of June, 2012, the *Defendants' Motion for Summary Judgment* (the "Motion"), filed by Defendants' WorldPay US, Inc. and RBS Citizens, Inc. ("Defendants"), as opposed by the plaintiffs and counterclaim-defendants in this Adversary Proceeding. Having considered the evidence, the briefing, and the arguments of counsel, and for the reasons stated on the record of said hearing, it is hereby:

ORDERED that the Motion is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Defendants' entitlement to the $152,000 Visa Account Data Compromise Recovery ("ADCR") liability assessment is concerned. The Court holds that Defendants are entitled to retain that $152,000 out of the Court-sanctioned $250,000 reserve, and that the evidence of record failed to create a genuine issue of material fact as to whether that sum constituted an unlawful penalty. The Motion is DENIED insofar as Defendants' entitlement to approximately $18,000 in other alleged unsatisfied liabilities is concerned. Defendants' entitlement *vel non* to that sum will be adjudicated, absent an earlier resolution by the parties of this controversy, at the June 28, 2012 trial in this matter. Alternatively, the parties may submit that issue for resolution on the papers pursuant to FED. R. BANKR. P. 7052. Pursuant to the Court's April 5, 2012 Agreed Order Regarding Proof of Attorneys' Fees and Expenses [Doc. No. 50], Defendants may move for an award of attorneys' fees within fourteen days following the Court's entry of a judgment adjudicating their entitlement to that $18,000 sum; it is further

ORDERED that this order is an interlocutory order, pending the issuance of final judgment in this Adversary Proceeding.

# # #  END OF ORDER  # # #